RAND L. STEPHENS, SBN 117229
LAW OFFICES OF RAND L. STEPHENS
1155C Arnold Dr. #278
Martinez, CA  94553-4104
(510)232-9335
Fax: (510)232-4633
Email: rand@randslaw.com

RICHARD N. KOSS, SBN 251351
570 El Camino Real, Ste. 150-340
Redwood City, CA  94063-1262
(650)722-7046
Fax: (650)592-3871
E-mail: richard@rkosslaw.com

Attorneys for Plaintiff:
C. ROBERT PETTIT, M.D.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **C. ROBERT PETTIT, M.D.**,<br><br>Plaintiff,<br><br>vs.<br><br>**CONTRA COSTA MEDICAL SERVICES REGIONAL MEDICAL CENTER** and **DOES ONE THROUGH TWENTY**, Inclusive<br><br>Defendants | Case No.: C 07 3358 JSW<br><br>**PROPOSED ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Defendant Contra Costa County moved for summary judgment or in the alternative partial summary judgment. Plaintiff C. Robert Pettit, M.D. responded to Defendant's motion.

Dr. Pettit alleges six causes of action: (1) violation of whistle-blower statute (Cal. Labor Code §1102.5); (2) breach of contract; (3) violation of public policy (pretext in hiring) (Cal. Labor Code §1102.5); (4) breach of the covenant of good faith and fair dealing; (5) wrongful termination (Cal. Gov't. Code §12940, et seq., Cal. Civ. Code §3287); and (6) age discrimination (asserted under both federal and California law). The age discrimination cause of action is the only cause of action asserted under federal law; all other causes of action are brought solely under California law. However, Plaintiff will move to amend the pleading and add a federal

1  cause of action under the Whistleblowing Protection Act (5 USCS §2302) to the whistleblowing
2  cause of action.
3      Plaintiff dismisses his cause of action for breach of the covenant of good faith and fair
4  dealing, as this claim duplicates the breach of contract claim and is therefore superfluous. *Guz v.*
5  *Bechtel Nat., Inc.,* 24 Cal. 4th 317, 351-52 (2000).
6      Plaintiff has proven triable issues of fact on all other causes of action. The *McDonnell*
7  *Douglas* burden shifting test does not provide that a discriminatory motive *must* be proven, only
8  that "some other circumstance suggests discriminatory motive." *Id.*, at 355. Plaintiff has met
9  that burden.
10     Defendant's motion for summary judgment is granted on the cause of action for breach of
11 the covenant of good faith and fair dealing. Defendant's motion for summary judgment is denied
12 for all other causes of action. The court declines Defendant's request to remand the remaining
13 causes of action to state court.

UNITED STATES DISTRICT COURT

Dated:_____

_____
JEFFFREY S. WHITE
DISTRICT COURT JUDGE.