SILVANO B. MARCHESI (SBN 42965)
County Counsel
JANET L. HOLMES (SBN 107639)
Deputy County Counsel
COUNTY OF CONTRA COSTA
651 Pine Street, 9th Floor
Martinez, California 94553
Telephone: (925) 335-1800
Facsimile: (925) 335-1866
email: jholm@cc.cccounty.us

Attorneys for Defendant
CONTRA COSTA COUNTY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. ROBERT PETTIT, M.D., <br><br> Plaintiff, <br><br> v. <br><br> CONTRA COSTA MEDICAL SERVICES REGIONAL MEDICAL CENTER and DOES ONE THROUGH TWENTY, Inclusive, <br><br> Defendants. | No. C 07 3358 JSW <br><br> DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT <br><br> Date: August 22, 2008 <br> Time: 9:00 a.m. <br> The Honorable Jeffrey White presiding |

Defendant Contra Costa County submits this reply brief in support of its motion for summary judgment or partial summary judgment. As established below, plaintiff did not provide any admissible evidence to dispute the material facts set forth by defendant in its motion, and can not state a claim on any cause of action. Moreover, plaintiff did not plead a federal cause of action under 5 U.S.C. § 2302, and provides no authority that he can simply assert it into his brief at this late date to save his action. Defendant's motion for summary judgment should be granted.

ARGUMENT

## I. PLAINTIFF CANNOT ESTABLISH A WRONGFUL TERMINATION CAUSE OF ACTION AGAINST THE COUNTY

In his opposition, Dr. Pettit combined his age discrimination and common law wrongful termination arguments (first and sixth causes of action). He did not address the County's argument that the wrongful termination action is barred because it is duplicative. *See Ross v. San Francisco Bay Area Rapid Transit District*, 146 Cal. App. 4th 1507, 1514 (2007); Gov. Code, §§ 815.2, subd. (b), 821.6. Plaintiff seemingly concedes the County's argument.

Further, as with plaintiff's claim for violation of public policy (fourth cause of action), the County cannot be liable on a common law cause of action for wrongful termination. Government Code section 815 "'*abolishes all common law or judicially declared forms of liability for public entities*, except for such liability as may be required by the state or federal constitution. . . .'" *Miklosy v. Regents of the University of California*, No. S139133, 2008 Cal. LEXIS 9370, at *44-45 (Cal. Sup. Ct. July 31, 2008) (emphasis in original); *see Lew v. Superior Court*, No. C 06-03098 CRB, 2008 U.S. Dist. LEXIS 20734, at *30 (N.D. Cal. 2008), citing *Palmer v. Regents of the Univ. of Cal.*, 107 Cal. App. 4th, 899, 909 (2003). Because the claim is a common law, judicially created claim and not one authorized by statute, it must be dismissed. *See Miklosy*, at *45; *Lew*, at *30. For liability, plaintiff must establish a mandatory duty on the part of the County. Cal. Gov. Code, §§ 815, subd. (a), 815.6. He has not done so. "An enactment creates a mandatory duty if it requires a public agency to take a particular action. An enactment does not create a mandatory duty if it merely recites legislative goals and policies that must be implemented through a public agency's exercise of discretion. The use of the word 'shall' in an enactment does not necessarily create a mandatory duty." *County of Los Angeles v. Superior Court*, 102 Cal. App. 4th 627, 639 (2002) (citations omitted). Because plaintiff cites no authority that FEHA imposes a mandatory duty on a public entity employer to take a particular action in complying with the requirements of FEHA, his claim must be dismissed. Even assuming *arguendo* that the FEHA statute established a mandatory duty, the County is not liable. As set forth more fully in Section VI below, the cause of action

1  should also be dismissed for the same reasons plaintiff's age discrimination claim is barred.

2

3  II. PLAINTIFF'S BREACH OF CONTRACT CLAIM FAILS

4      Plaintiff cannot establish a breach of contract claim regardless of whether he is labeled
5  an "employee." It is undisputed that Dr. Pettit had a contract with the County. It is also
6  undisputed the County terminated Dr. Pettit's contract short of its expiration date and that it
7  was allowed to do so with 60-day written notice to Dr. Pettit. Because the terms of the
8  contract allowed the County to terminate Dr. Pettit's contract, the letter of termination cannot
9  be a breach. *See* Declaration of Dr. Jeffrey V. Smith ("Smith Dec."), Ex. 1, Page L-4.

10      First, Dr. Pettit's contention that Dr. Smith was not authorized to terminate the contract
11  is mistaken. The Board approved the January 3, 2006 termination letter. Declaration of
12  Richard Koss, Ex. 7, p. 11, C75. The Board approved and authorized Dr. Pettit's termination
13  with "a 60-day advance written notice . . . effective close of business on March 3, 2007." *Id.*
14  The letter, therefore, had to have been mailed January 3, 2006 to meet the Board's
15  authorization. The fact that the Board approved the letter retroactively has no bearing on its
16  approval, and plaintiff has cited no case law to the contrary.

17      Second, Dr. Pettit did not respond to the County's evidence that it mailed a letter to him
18  by certified mail on January 3, 2007, nor the argument that he may have willfully refused to
19  pick it up. Doctor Pettit cannot defeat the notice requirement by willfully failing to accept
20  certified mail. *Bear Creek Master Association v. Edwards,* 130 Cal. App. 4th 1470, 1484
21  (2005).

22      Third, plaintiff did not dispute that Dr. Smith had no knowledge of Dr. Pettit's alleged
23  "protected" or "whistleblower" activities prior to submitting the paperwork for Dr. Pettit's
24  termination. (Smith Dec., ¶10.) Doctor Pettit's statement that he "presented" a letter to Dr.
25  Smith on or before December 1, 2006 does not contradict Dr. Smith's declaration. Further, Dr.
26  Pettit's declaration does not address how he presented his letter to Dr. Smith, whether in
27  person, by mail, or leaving it for him in his office or with someone else. Doctor Pettit also
28  provides no evidence that any member of the Board of Supervisors had any information

DEFENDANT'S REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT
OR PARTIAL SUMMARY JUDGMENT
C 07 3358 JSW      3

1  regarding Dr. Pettit's complaints or alleged "protected" or "whistleblower" activities. (Smith Dec., ¶10.)

Finally, if Dr. Pettit could arguably be labeled "an employee," which the County denies, he cannot state a breach of contract cause of action arising out of a public employment relationship. *Shoemaker v. Myers,* 52 Cal. 3d 1, 23-24 (1990); *Hill v. City of Long Beach*, 33 Cal. App. 4th 1684, 1690 (1995). His breach of contract claim must be dismissed.

## III. PLAINTIFF CANNOT MAKE A WHISTLEBLOWER CLAIM UNDER LABOR CODE SECTION 1102.5

Plaintiff attempts to save his California Labor Code section 1102.5 whistleblower claim by citing *Johnson v. Riverside Healthcare System*, 2008 U.S. App. LEXIS 15994 (9th Cir. July 28, 2008) to support his argument that he was an "employee" of Contra Costa County. *Johnson* does not help Dr. Pettit, however, and his argument does not accurately represent the holding of *Johnson*. Most importantly, the court *did not* hold that plaintiff was an employee. Instead, the portions of the *Johnson* case cited by Dr. Pettit dealt with the Unruh Civil Rights Act and whether plaintiff's claims were properly dismissed. The court distinguished *Johnson* from *Payne v. Anaheim Memorial Hospital*, 130 Cal. App. 4th 729 (2005), where the plaintiff was allowed to proceed under the Unruh Act. Neither *Johnson* nor *Payne* dealt with the Labor Code in general or "whistleblower" protection in particular. The *Johnson* court found that for the purposes of the Unruh Act, from which employment discrimination claims are excluded, plaintiff's claims were "foreclosed by the fact that his relationship with Riverside was materially indistinguishable from that of an employee" as opposed to the requirement of being "'similar to that of the customer in the customer-proprietor relationship.'" *Johnson*, at 22-23 (citation omitted). Because the plaintiff in *Johnson* was akin to an employee as opposed to a customer, he could not make out an Unruh Act claim.

In the present action, however, it is undisputed that Dr. Pettit worked for the County pursuant to a contract. Neither the plaintiff in *Johnson* nor Dr. Pettit in this action are employees as Dr. Pettit hopes to define them, and *Johnson* does not hold otherwise. It is Dr.

Pettit's burden to rebut the Labor Code section 2750.6 presumption that he was an independent contractor and not an employee; he has failed to do so. Cal. Evid. Code, §§ 601, 606. Therefore, plaintiff's claim under California Labor Code section 1102.5 must fail.

## IV. VIOLATION OF PUBLIC POLICY

Plaintiff concedes he cannot establish a claim against the County because a *Tameny* claim is not authorized by statute. He instead attempts to make a claim based on vicarious liability for the actions of Drs. Keating and Berguer. That argument must also fail. A *Tameny* action can only be asserted against an employer. *Miklosy v. Regents of the University of California*, No. S139133, 2008 Cal. LEXIS 9370, at *46 (Cal. Sup. Ct. July 31, 2008). No claim can lie against any employee, even if he or she was a supervisor. *Id.* at *49. Because the claim cannot be established against any of its employees, there can be no vicarious liability against the County. *Id.* at *49. Plaintiff's violation of public policy claim must be dismissed.

## V. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff agreed to dismiss his claim as it is redundant. Opposition, 8:9-13.

## VI. PLAINTIFF DID NOT MEET HIS BURDEN TO ESTABLISH AN AGE DISCRIMINATION CLAIM

Doctor Pettit is unable to rebut Defendant's legitimate business reasons for the decision to terminate his contract short of its natural expiration. Doctor Pettit only could have done so "either [1] directly by persuading the court that a discriminatory reason more likely motivated the employer or [2] indirectly by showing that the employer's proffered explanation is unworthy of credence. *Merrick v. Farmers Ins. Group*, 892 F.2d 1434, 1437 (9th Cir. 1990) (internal quotation marks and citations omitted). He conceded he had no direct evidence, and he was unable to show any indirect evidence.

The undisputed evidence establishes that Dr. Jeff Smith was responsible for both the retention of Dr. Pettit under the contract and the termination of the contract. (Smith Dec., ¶2.)

Indeed, Dr. Smith became concerned within six months of retention that Dr. Pettit might not be a good fit for the County system. (Smith Dec., ¶¶5-7.) And less than two years after Dr. Smith retained Dr. Pettit under the contract, Dr. Smith submitted paperwork to terminate the contract. A "strong inference" of non-discrimination arises when the same person was responsible for both the hiring and firing of an employee, or in this case retention and termination under contract, particularly where both actions occurred within a relatively brief period of time. *Bradley v. Harcourt, Brace & Co.*, 104 F.3d 267, 270-71 (9th Cir. 1996). The same-actor inference of non-discrimination creates an especially steep burden for plaintiff to overcome. *Coghlan v. American Seafoods Co. LLC.*, 413 F.3d 1090, 1096-97 (9th Cir. 2005).

Also significant is the fact that Dr. Pettit was apparently 63 or 64 years old at the time the contract was entered into. If the County was biased against older doctors, the County presumably would not have entered into the contract in the first place. Since the contract was terminated less than two years after it was entered into, and Dr. Pettit was over age 60 at both times, any claim of age discrimination appears specious. This is so particularly in light of the undisputed evidence that Dr. Smith and the County actively recruited and retained older doctors, and continue to do so. (Smith Dec., ¶4.)

Moreover, Dr. Pettit's argument that his performance was satisfactory is unpersuasive. Pretext is not established by plaintiff simply asserting his job performance was acceptable. *Diaz v. Eagle Produce*, 521 F.3d 1201, 1214, fn. 7 (9th Cir. 2008). Moreover, it was not so much Dr. Pettit's job performance (which was adequate) as it was his lack of appropriate contribution to his ENT team that increasingly concerned Dr. Smith to a point where he decided to terminate Dr. Pettit's contract. (Smith Dec., ¶¶7-8.)

In order to withstand defendant's motion for summary judgment on the age discrimination claim, Dr. Pettit must "'offer specific and significantly probative evidence that the employer's alleged purpose [was] a pretext for discrimination.'" *Lew v. Superior Court*, No. C 06-03098 CRB, 2008 U.S. Dist. LEXIS 20734, at *19 (N.D. Cal. 2008), *citing Schuler v. Chronicle Broadcasting Co.*, 793 F.2d 1010, 1011 (9th Cir. 1986). A mere suggestion that there may be other motives is not enough. Plaintiff must "proffer specific and substantial

evidence demonstrating that Defendants did not honestly believe" their reasons for terminating Dr. Pettit's contract. *Lew*, at *20-21.

In his opposition, Dr. Pettit continues to present his own opinion, without evidence from any other source. Simply stating that Dr. Smith's testimony is disputed does not make it so. Moreover, Dr. Pettit cannot dispute Dr. Smith's state of mind. Fed. R. Evid. 602, 701. Further, Dr. Pettit provides absolutely no evidence to dispute the fact that Dr. Smith decided in 2006 to terminate Dr. Pettit's contract based on a multitude of concerns, or that his concerns arose long before. Doctor Pettit provides no independent evidence aside from his own suggestion that there may have been other factors at issue, and such a suggestion does not undermine the credibility of Dr. Smith's testimony. *See Lew*, at *21. Doctor Pettit has provided no evidence that Dr. Smith's motivation stemmed from either Dr. Pettit's age or his alleged "whistleblowing" activities. Because Dr. Pettit has not met his evidentiary burden, his discrimination and wrongful termination claims must be dismissed. *See Rodriguez v. International Business Machines*, 960 F. Supp. 227, 231 (N.D. Cal. 1997) (a plaintiff's subjective belief that his employer's actions were discriminatorily motivated is not sufficient to withstand summary judgment); *Lew*, at *22. Plaintiff has not established a discrimination claim under either FEHA, Title VII, or ADEA.

## CONCLUSION

As set forth above and in the County's initial motion, plaintiff can set forth no evidence to overcome the County's legitimate and non-discriminatory reasons for terminating his contract. The County respectfully requests that summary judgment, or partial summary judgment, be entered in its favor.

DATED: August 11, 2008

SILVANO B. MARCHESI
COUNTY COUNSEL

By: /s/ Janet L. Holmes
JANET L. HOLMES
Deputy County Counsel
Attorneys for Defendant
CONTRA COSTA COUNTY