IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C. ROBERT PETTIT, M.D., | |
| Plaintiff, | No. 07-03358 JSW |
| v. | **ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** |
| CONTRA COSTA MEDICAL SERVICES REGIONAL MEDICAL CENTER, and DOES 1 THROUGH 20, | |
| Defendants. | |

Now before the Court is the motion for summary judgment filed by defendant Contra Costa County ("Defendant"). This matter is set for a hearing on August 22, 2008. The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for August 22, 2008 on this motion is VACATED. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court grants Defendant's motion for summary judgment as to Plaintiff's federal claim and declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims.

**BACKGROUND**

In January of 2005, plaintiff C. Robert Pettit, M.D. ("Plaintiff") entered into a contract with Defendant to provide medical services pertaining to ear, nose and throat. (Declaration of Dr. Jeffrey V. Smith ("Smith Decl."), ¶ 6.) The contract had a three-year term, but provided that

1  it could be terminated by either party with sixty-days notice. (*Id.*, Ex. 1.) Defendant provided
2  notice and terminated the contract before the three-year term had expired. (*Id.*, ¶ 11.) Plaintiff
3  was 66 years old when the contract was terminated. (Declaration of C. Robert Pettit ("Pettit
4  Decl."), ¶ 5.)

5  Plaintiff brings several state claims and one federal claim for age discrimination. He
6  contends that he was an employee who was fired because of his age. The Court will address the
7  additional specific facts as required in the analysis.

## ANALYSIS

### A. Legal Standard

Summary judgment is proper when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A principal purpose of the summary judgment procedure is to identify and dispose of factually unsupported claims. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986).

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. *Id.* at 323. Once the moving party meets this initial burden, the non-moving party must go beyond the pleadings and by its own evidence "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995)) (stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact"). If the non-moving party fails to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323.

2

**B.      Plaintiff's Age Discrimination Claim Does Not Survive Summary Judgment.**

Plaintiff brings a claim for age discrimination and contends that Defendant terminated him because of his age. The Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621, *et seq.*, makes it "unlawful for an employer ... to fail or refuse to hire or to discharge any individual [who is at least 40 years of age] ... because of such individual's age." *Id.* at §§ 623(a), 631(a). To succeed on his claim, Plaintiff must demonstrate that age actually motivated Defendant's decision to terminate him. *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 141 (2000).

Plaintiff bears the initial burden of establishing a prima facie case of discrimination. If he "establishes a prima facie case, the burden then shifts to the defendant to articulate a legitimate nondiscriminatory reason for its employment decision. Then, in order to prevail, Plaintiff must demonstrate that Defendant's alleged reason for the adverse employment decision is a pretext for another motive which is discriminatory." *See Schnidrig v. Columbia Machine, Inc.*, 80 F.3d 1406, 1409 (9th Cir. 1996) (citation omitted). Plaintiff may establish a prima facie case either by direct evidence of discriminatory intent or by circumstantial evidence demonstrating he was "at least forty years old, met the requisite qualifications for the job, and was discharged while younger employees were retained." *See Enlow v. Salem-Keizer Yellow Cab Co., Inc.*, 389 F.3d 802, 812 (9th Cir. 2004).

Here, Plaintiff has not proffered any direct evidence of discriminatory intent. Nor has Plaintiff submitted evidence demonstrating younger employees were retained. Moreover, it is not clear that Plaintiff was even Defendant's employee. Even assuming *arguendo* that Plaintiff has established a prima facie case, the Court concludes that Defendant has presented evidence of a legitimate nondiscriminatory reason for terminating his contract, which Plaintiff fails to demonstrate was pretextual for a discriminatory motive.

Defendant presents evidence of a legitimate non-discriminatory reason for terminating the contract with Plaintiff. According to Defendant, Plaintiff appeared to be unsure of himself in the operating room. (Smith Decl., ¶ 7.) Anesthesiologists were concerned about Plaintiff's ability to manage airways in the operating room. (*Id.*) Plaintiff was reluctant to get involved in

1  cancer cases or other complex cases. (*Id*.) Plaintiff referred out patients who could have been
2  handled better within Defendant's system. (*Id*.) In 2006, Dr. Smith started getting more and
3  more complaints about Plaintiff from personnel in the operating room and in the clinics,
4  including that Plaintiff filled his clinic schedule, in part, with patients who did not require any
5  treatment. (*Id*., ¶ 8.) Dr. Smith also received complaints that Plaintiff was unwilling to take on
6  some of the more complex ear, nose, and throat patients, and, thus, either referred such patients
7  to outside specialists or left them for the other doctors in the clinic. (*Id*.) In response to this
8  complaint, Plaintiff told Dr. Smith that he preferred to focus on basic ear, nose, and throat care.
9  (*Id*.) However, Defendant has only three ear, nose, and throat specialists, at most, and needs
10 these doctors to treat all patients. (*Id*.) Pediatric staff expressed concerns about referring
11 children to Plaintiff. (*Id*.) Based on these above concerns and complaints, Dr. Smith decided to
12 terminate Plaintiff's contract before the three-year term had expired. (*Id*., ¶ 9.)

13       Because Defendant presents evidence demonstrating a legitimate nondiscriminatory
14 reason for terminating the contract, Plaintiff bears the burden to demonstrate Defendant's
15 articulated reason is pretextual. Where, as here, a plaintiff relies on circumstantial evidence of
16 discrimination, that evidence "must be 'specific' and 'substantial' in order to create a triable
17 issue with respect to whether the employer intended to discriminate on an unlawful basis." *See*
18 *Lew v. Superior Court*, 2008 WL 728895, *8 (N.D.Cal. March 17, 2008) (quoting *Godwin v.*
19 *Hunt Wesson, Inc.,* 150 F.3d 1217, 1222 (9th Cir.1998)). Plaintiff states that he never received
20 any *written* criticisms of his work. (Pettit Decl., ¶ 4.) However, Plaintiff's statement does not
21 undermine or contradict Defendant's evidence that Dr. Smith received complaints about
22 Plaintiff and that Dr. Smith *spoke* with Plaintiff regarding some of these complaints. Plaintiff
23 also contends that his contract was terminated shortly after he reported concerns about another
24 doctor's substandard care. (Opp. at 10.) Even if such contentions were true and supported by
25 evidence, Plaintiff has not submitted any evidence to create an inference that his age actually
26 motivated Defendant's decision to terminate the contract with him. Because Plaintiff fails to
27 demonstrate that Defendant's articulated reason for terminating him was pretextual, the Court
28 will grant Defendant's motion as to Plaintiff's claim under the ADEA.

4

**C.   Plaintiff's Remaining State-Law Claims.**

A federal district court may decline to exercise supplemental jurisdiction when it has dismissed all of the claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). Because this Court is granting summary judgment as to Plaintiff's only federal claim before trial,[1] Plaintiff's pendant state claims are more properly brought in state court. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Jones v. Community Redevelopment Agency of L.A.*, 733 F.3d 646, 651 (9th Cir. 1984). Therefore, the Court dismisses Plaintiff's state-law claims without prejudice to Plaintiff refiling them in state court.

## CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment is GRANTED as to Plaintiff's ADEA claim. The Court DISMISSES Plaintiff's remaining state-law claims without prejudice to Plaintiff refiling them in state court.

**IT IS SO ORDERED.**

Dated: August 19, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] Although Plaintiff argues that he will move for leave to file an additional federal claim, he has not yet done so. Therefore, with the grant of summary judgment against Plaintiff's ADEA claim, this action consists of only state-law claims.

5